**Robert A. MILLER, et al., Appellants**

v.

**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, an unincorporated association, Appellee.**

**No. 96–7033.**

United States Court of Appeals, District of Columbia Circuit.

June 9, 1997.

Before: SILBERMAN, WILLIAMS and ROGERS, Circuit Judges.

***ORDER***

PER CURIAM.

Upon consideration of appellee's petition for rehearing filed April 11, 1997, and of the response thereto, it is

**ORDERED** that the petition be denied.

A statement of Circuit Judge SILBERMAN concurring in the denial of the petition, joined by Circuit Judge WILLIAMS, is attached.

---

SILBERMAN, Circuit Judge, with whom WILLIAMS, Circuit Judge, joins, *concurring in the denial of rehearing:*

Air Line Pilots Association argues in its petition for rehearing that our opinion is inconsistent with the rationale of *Cole v. Burns Int'l Security Services,* 105 F.3d 1465 (D.C.Cir.1997). In *Cole* we held that an employer can enforce an agreement to arbitrate federal statutory discrimination claims which an employee signs as a condition of employment. *Id.* at 1482, 1484–85, 1487. ALPA concedes that the non-union pilots did not sign a written arbitration agreement, as did Cole, but argues that arbitration is nonetheless a condition of employment because it arises from the agency shop agreement between ALPA and the airline. But, as appellant correctly notes, under the agency shop agreement, ALPA is the agent for the non-members only vis-à-vis the employer, it is not an agent for the nonmembers vis-à-vis itself. So *Cole* is irrelevant to this case.

Before: EDWARDS, Chief Judge; WALD, SILBERMAN, WILLIAMS, GINSBURG, SENTELLE, HENDERSON, RANDOLPH, ROGERS, TATEL and GARLAND, Circuit Judges.

### ORDER

Upon consideration of appellee's Suggestion for Rehearing *In Banc,* the response thereto, and the absence of a request by any member of the court for a vote, it is

**ORDERED** that the suggestion be denied.

Circuit Judge GARLAND did not participate in this matter.